IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DANIEL SANCHEZ BORGOS

    Plaintiff

             v.

VENEGAS CONSTRUCTION CORP, et al

    Defendants

Civil No.  07-1592 (SEC)

**OPINION AND ORDER**

Pending before the Court is a Motion for Reconsideration (Docket # 71) filed by Defendant Venegas Construction Corp.("Venegas Construction"), and Plaintiff's opposition thereto (Docket # 73). After considering all the filings and the applicable law, for the reasons stated below, Defendants' motion will be **GRANTED**.

**Factual Background**

This action was instituted by Plaintiff, Daniel Sanchez Burgos ("Sanchez"), claiming age discrimination and retaliation pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29, § 146 (2002) ("Law 100"), and Puerto Rico Law No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194a(a) (2002) ("Law 115"), and Puerto Rico's Law 80, 29 P.R. Laws Ann. § 185(a) (2000), which prohibits termination without just cause.

On March 31, 2008, Defendant filed a motion for summary judgment arguing primarily that: 1) Venegas Construction did not subject Plaintiff to an adverse employment action; 2) Plaintiff transferred from Venegas Construction to Sanson Corp. voluntarily; 3) Plaintiff's claims of age discrimination were unfounded, and 3) Plaintiff's right to back pay was effectively

**CIVIL NO. 07-1394 (SEC)**                                                                 Page 2

tolled by an unconditional offer of reinstatement.[1]  This Court granted summary judgment for Co-defendant Sanson, Inc., but denied summary judgment in favor of Venegas Construction. More specifically, this Court found a trial worthy controversy existed with regards to Plaintiff's claims of age discrimination and other facts surrounding his termination at Venegas Construction and subsequent move to Sanson Corp.. Furthermore, this Court postponed judgment on the effect of Defendant's unconditional offer of reinstatement.

Accordingly, Venegas Construction filed a Motion for Reconsideration under FED. R. CIV. P. 59(e) requesting: 1) clarification and amendment of the finding of facts, especially with regards to this Court's conclusion that Plaintiff was subjected to an adverse employment action; and 2) that this Court rule immediately on the effects of the unconditional offer of reinstatement. See Docket # 68 at 10-11.

**Standard of Review**

FED. R. CIV. P. 59(e) allows a party, within ten (10) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted).  In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)). Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d

---

[1] A more detailed summary of the details of the case is included in this Court's Opinion and Order (Docket # 68) of March 31, 2009.

1260, 1268 (7th Cir. 1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

**Applicable Law and Analysis**

Defendants move for reconsideration of two main issues: (1) Defendants allege that there are material facts in dispute regarding Plaintiff's discharge from his employment at Venegas Construction; (2) Plaintiff allegedly refused an unconditional offer to return to work which estoppels his damages claim under ADEA, and Puerto Rico law, from the date of the offer. Insofar as necessary, this Court addresses each argument in turn.

**Conclusions of Fact**

There does not seem to be a genuine dispute regarding whether on June 5, 2006, Plaintiff was terminated from his employment at Venegas Construction. Accordingly, this finding of fact will not be amended. However, this Court does recognize a triable controversy with regards to whether this was a unilateral action by Defendant, an adverse employment action, or a voluntary agreement between the parties. See Docket # 71 at 8. Furthermore, the terms and events surrounding Defendat's move to Sanson Corp. are facts which much be submitted to the jury.

In light of the above, the parties may file an amended Proposed Pretrial Order, including a revised proposal for contested facts, within **10 days**.

**Mitigation**

Beyond Defendants' unfruitful allegations that Plaintiff was never discharged, they make an additional allegation that they made an unconditional offer of reinstatement. Docket # 31-2 (Defendants' Statement of Uncontroverted Material Facts ("D.S.U.M.F.")), ¶ 32. This is substantiated by a letter dated November 10, 2006. See Docket # 35-4, Exh. 2. Plaintiff does

not contest the veracity of this letter. In fact, he uses it as evidence that Plaintiff had been discharged from Venegas Construction. See Docket # 42-1 at 9. As stated in this Court's Opinion and Order, the present case does suggest that Venegas Constuction made a good faith offer of reinstatement. D.S.U.M.F., ¶ 32.

The Supreme Court has held that an "... employer charged with unlawful discrimination often can toll the accrual of backpay liability by unconditionally offering the claimant [reinstatement], and thereby providing him with an opportunity to minimize damages." Form Motor Co. v. E.E.O.C., 458 U.S. 219, 232 (1982); see also Crawford v. Metro. Gov't of Nashville & Davidson County, 129 S. Ct. 846, 853 n. 3 (2009) & Wilcox v. Stratton Lumber, 921 F. Supp. 837, 843 (D.Me. 1996). However, the tolling of backpay is independent from other damages involved in the claim, and the plaintiff, "... remains entitled to full compensation if he wins his case." Id. at 233. These include possible compensatory and punitive damage remedies. McCoy v. Oscar Mayer Foods, 1997 U.S. App. LEXIS 4635 (7th Cir. 1997).

The Second Circuit has stated that the ultimate question deciding whether an offer of re-employment tolls backpay is "... whether the plaintiff acted reasonably in attempting to gain other employment or in rejecting proffered employment." Pierce v. F.R. Tripler & Co., 955 F.2d 820, 830 (2d Cir. 1992). Accordingly, as a matter of law, if Plaintiff cannot offer an objectively reasonable explanation for his refusal, "the offer ends the accrual of backpay as a matter of law." Smith v. World Ins. Co., 38 F.3d 1456, 1465 (8th Cir. 1994). However, the employer bears the burden of proof in showing the rejection of its offer was objectively unreasonable.

The aforementioned letter plainly includes an offer of reinstatement. However, Plaintiff alleges that it was in fact a settlement offer. He argues that the language "[i]n an effort to end any controversy," makes the offer conditioned upon ending his claims against Venegas

**Civil No. 07-1592 (SEC)** 5

Construction. See Docket # 73 at 6. This Court recognized that said language could be interpreted as a conditional settlement offer, and not an unconditional offer of reinstatement.

Plaintiff does not present an un-reasonable interpretation, but nothing in the rest of the letter implies that Venegas Construction was making Plaintiff a final settlement offer. Rather, the conciliatory language used by Defendants suggests that reinstatement is aimed at making a first step towards an amicable solution. Furthermore, if Plaintiff understood that the letter included ambiguous language, which could be construed as a settlement offer, then the objectively reasonable response would have been to clarify this point with Defendants. Nevertheless, Plaintiff chose the route of silence, and took no action to respond.

With regards to Plaintiffs other stated reason for not accepting reinstatement, the assignment to Mayaguez comes to the forefront of as a major concern. However, his proposed reinstatement to a Venegas Construction project in Mayaguez meets the reasonability standard within the context of the construction industry. As the company operates projects throughout Puerto Rico, a foreman cannot realistically expect to always work close to home. Mayaguez represented the second closest available location, after Ponce. However, Defendant has proffered the non-discriminatory explanation based on Plaintiff's antagonistic relationship with the company's site supervisor in the Ponce project. In light of the fact that construction businesses operate in ever shifting locations, versus the single shop model of many manufacturing enterprises, re-assigning an employee is an understandable response to conflicts with his supervisors.

Plaintiffs final argument sustaining his refusal to return to work, is that the offer was a pretext to then lay him off ". . . under the guise of economic reasons." See Docket # 73 at 7. This theory is overly speculative, and is not sustained by any evidence. Moreover, as Venegas

**Civil No. 07-1592 (SEC)** 6

Construction operates various sites, even if the Mayaguez project were closed, the company would likely have had work for him at another location.

For all of the above, this Court concludes that Plaintiff received an unconditional offer to return to his job as a construction foreman at Venegas Construction. Accordingly, reconsideration shall be granted, and should Plaintiff establish a right to back-pay it will be considered tolled effective November 27, 2009.

**Conclusion**

For the reasons stated above, Defendants' motion for reconsideration is **GRANTED**. The parties may file an amended Proposed Pretrial Order, including a revised proposal for contested facts, within **10 days**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of April, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge